# IN THE COURT OF APPEALS OF IOWA

No. 15-0516
Filed April 6, 2016

**STEVEN GUY BROCKMAN,**
　　Plaintiff-Appellant,

**vs.**

**OGEEK LLC,**
　　Defendant-Appellee.

_____

Appeal from the Iowa District Court for Cass County, Jeffrey L. Larson, Judge.

The plaintiff appeals the district court's dismissal of his case against a nonresident defendant for lack of personal jurisdiction. **REVERSED AND REMANDED.**

Steven Brockman, Griswold, appellant pro se.

oGeek LLC, Newport Beach, California, appellee pro se.

Considered by Tabor, P.J., Bower, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, Senior Judge.**

Iowa resident Steven Brockman appeals the district court's dismissal of his small-claim lawsuit against a nonresident company for lack of personal jurisdiction. Because the magistrate failed to make detailed factual findings concerning the commercial nature of the parties' interactions and because the magistrate failed to analyze the facts under recent Iowa Supreme Court precedent, we reverse and remand for a new determination on the existing record. *See Sioux Pharm, Inc. v. Summit Nutritionals Int'l, Inc.*, 859 N.W.2d 182, 193 (Iowa 2015) (discussing analysis of the "jurisdictional import of websites").

A California company, oGeek LLC, operated a website providing a contact email and offering their services in web development. Brockman emailed the company about developing a website and claims he entered into an agreement for the company to develop a website for him. After Brockman had paid the company thousands of dollars, a dispute arose. Brockman filed suit in the Cass County Small Claims Court in November 2014. The Iowa Secretary of State completed service on the company in California, and the company filed a motion to dismiss, alleging Iowa courts lack personal jurisdiction.

After the magistrate set a December 2014 hearing on the motion, the parties responded with a flurry of filings. A letter from company stated it had "no presence" in Iowa, no "work occurred in Iowa," and no explicit contract existed between the parties. Brockman responded: "There was a contract in fact that there was an offer, acceptance, and consideration." The company's next filing set out a July 22, 2014 email it allegedly had sent to Brockman before receiving money and asked the court to "note": (1) Brockman decided, week by week, if he

wanted to continue; the company promised to work for $100 per day and did so; (2) after "each invoice period," the company delivered the current website to Brockman to inspect; and (3) Brockman "paid eight invoices that all contained the terms that the invoice was not refundable."[1] The company distinguished the case law Brockman cited, claiming the cases did not involve "software development, paying for development services, or building websites."

Brockman appeared pro se at the unreported hearing. The company declined to attend the hearing, asked its motion be "heard on the file," and "appeared in writing" by James Gilliam. The magistrate's February 3, 2015 order granted the company's motion, ruling:

> [The company's] website does allow internet users throughout the United States (and beyond) access to their website. However, [the company] has no offices in Iowa, no Iowa employees, no Iowa telephone number, and no agent for service of process in Iowa.
> The fact [the company] operates a website and regularly exchanges email with [Brockman] is not enough for Iowa to assert general or specific jurisdiction over [the company. The company] is a California corporation, and has not had the requisite amount of contacts with Iowa to purposefully avail [itself] of jurisdiction in Iowa.

---

[1] The company's email provided:
> We only require a $250 deposit (50%) to begin the first five days of development. At the end of the five days, you can decide if you want to continue. During the first week, we risk working 5 days for $250 and you risk losing $250 if you decide not to continue. If you do want to proceed for a second 5 days, we will invoice you $750 for the end of the first week and the second 5 days of development.
> We believe we can do your site in the 3 to 4 weeks, however, we cannot guarantee it. The reason we cannot guarantee it is because requirements and features always change and usually extend the time required. Our estimate could just be wrong as well. We also want to avoid any disagreement as to when the site is finished because that is too subjective. The only way we have been able to deal with these realities is to charge by the day. This way you can decide when the site is finished and we don't have the risk of working without being paid.

Brockman appealed to the district court, and it summarily affirmed, finding the ruling "supported by the evidence." Brockman sought discretionary review, which the supreme court granted in April 2015. The court then transferred the case to this court.

We first observe the magistrate's decision does not contain detailed factual findings discussing the commercial nature of the parties' transactions. It is undisputed from the parties' filings that Brockman paid the company for its services after receiving company-generated invoices. "Unlike other grounds for dismissal, however, a court considering a motion to dismiss for lack of personal jurisdiction must make factual findings to determine whether it has personal jurisdiction over the defendant." *Shams v. Hassan*, 829 N.W.2d 848, 853 (Iowa 2013). We remand for additional factual findings discussing the commercial nature of the parties' interactions on the record already made.

Second, the court should reconsider its "general jurisdiction" analysis in light of its new factual findings. Third, the court should analyze whether an exercise of specific jurisdiction is appropriate in light of the supreme court's recent directive in *Sioux Pharm*, 859 N.W.2d at 193-97 (recognizing and applying the "effects test" in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984) and the "sliding scale" test distinguishing "passive websites" from "interactive websites" in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).

Accordingly, we remand to the district court to remand to the magistrate for additional factual findings and legal analysis in accord with this opinion.

**REVERSED AND REMANDED.**